BENJAMIN J. HORWICH
(State Bar No. 249090)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
ben.horwich@mto.com

JESSICA REICH BARIL
(State Bar No. 302135)
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5164
jessica.baril@mto.com

*Attorneys for Plaintiff BNSF Railway Company*

LEE BURDICK
King County Counsel
(State Bar No. 157423)
OFFICE OF KINGS COUNTY COUNSEL
1400 W. Lacey Blvd., Bldg No. 4
Hanford, CA 93230
Telephone: (559)852-2445
Facsimile: (559)584-0865
lee.burdick@co.kings.ca.us

*Attorney for Defendant County of Kings*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BNSF RAILWAY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>ALAMEDA COUNTY, CONTRA COSTA COUNTY, FRESNO COUNTY, KERN COUNTY, KINGS COUNTY, MADERA COUNTY, MERCED COUNTY, ORANGE COUNTY, PLUMAS COUNTY, RIVERSIDE COUNTY, SAN BERNARDINO COUNTY, SAN DIEGO COUNTY, SAN JOAQUIN COUNTY, STANISLAUS COUNTY, and TULARE COUNTY, CALIFORNIA,<br><br>Defendants. | Case No. 19-cv-07230-HSG<br><br>**STIPULATION FOR ENTRY OF JUDGMENT AND FINAL JUDGMENT AS TO KINGS COUNTY**<br><br>Judge:   Hon. Haywood S. Gilliam, Jr. |

**STIPULATION FOR ENTRY OF JUDGMENT**

WHEREAS, on November 1, 2019, BNSF Railway Company ("BNSF") filed this action against, *inter alia*, Defendant County of Kings ("the County") asserting a violation of Section 306 of the Railroad Revitalization and Regulatory Reform Act of 1976, now codified at 49 U.S.C. § 11501;

WHEREAS, on April 8, 2020, the Court issued an Order granting BNSF's Motion for a Preliminary Injunction;

WHEREAS, on May 7, 2020, all Defendants except the County filed notices of appeal from the Preliminary Injunction Order to the United States Court of Appeals for the Ninth Circuit, which appeals are captioned *BNSF Railway Company v. County of Alameda, et al.*, Court of Appeals Docket No. 20-15896, consolidated with Docket No. 20-15897;

WHEREAS, in order to avoid certain cost, expense, and risk, BNSF and the County have agreed to enter into a stipulation under the terms set forth in the attached [Proposed] Judgment.

NOW THEREFORE, BNSF and the County (collectively, "the Parties") stipulate as follows:

1. The Court has jurisdiction to enter judgment in this action.
2. The Parties consent to the Court having continuing jurisdiction for purposes of enforcing this Judgment, and the Parties irrevocably and fully waive and relinquish any argument that venue or jurisdiction by this Court is improper or inconvenient.
3. In making this stipulation, neither Party admits to any conclusion of law or concedes any arguments or defenses, except as expressly stated herein.
4. The Parties request that the Court enter the [Proposed] Judgment attached hereto.
5. The Parties waive notice of entry of the Judgment, and notice and service of the entered Judgment.
6. The Parties waive their right to appeal the Judgment.

IT IS SO STIPULATED.

| | | |
|---|---|---|
| 1 | DATED: September 28, 2020 | MUNGER, TOLLES & OLSON LLP |

By:      */s/ Benjamin J. Horwich*
BENJAMIN J. HORWICH
  (State Bar No. 249090)
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
ben.horwich@mto.com

JESSICA REICH BARIL
  (State Bar No. 302135)
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5164
jessica.baril@mto.com

*Attorneys for Plaintiff BNSF Railway Company*

DATED: September 28, 2020      OFFICE OF KINGS COUNTY COUNSEL

By:      *Lee Burdick DF*
LEE BURDICK
County Counsel, County of Kings
  (State Bar No. 157423)
1400 W. Lacey Blvd., Bldg #4
Hanford, CA 93230
Telephone: (559) 852-2445
Facsimile: (559) 584-0865
lee.burdick@co.kings.ca.us

*Attorney for Defendant County of Kings*

-2 -Case No. 19-cv-07230-HSG
STIPULATION FOR ENTRY OF JUDGMENT & FINAL JUDGMENT AS TO KINGS COUNTY

**FINAL JUDGMENT AS TO KINGS COUNTY**

Pursuant to the Stipulation for Entry of Judgment filed concurrently herewith, and for good cause shown, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

*Definitions*

1. For Purposes of this Judgment, the following definitions shall apply:

    (a) The "County" shall mean Defendant County of Kings.

    (b) "BNSF" shall mean Plaintiff BNSF Railway Company.

    (c) The "Parties" shall mean the County and BNSF collectively.

    (d) This "Action" shall mean this case (No. 19-cv-07230-HSG) and all appeals flowing therefrom.

    (c) "Termination of Action" shall mean the date of the final resolution of this Action though either final judgment(s) from which no further appeals or petitions for discretionary review lie, or dismissal(s) with prejudice, as to all claims and all parties.

    (d) "Litigation Period" shall mean the period of time beginning with the start of California property tax year 2015-2016 (July 1, 2015) and concluding with the last day of the California property tax year in which the Termination of Action falls.

    (e) "Entry of Judgment" shall mean the date on which this Judgment is entered on the docket.

    (f) "Benchmark Rate" shall mean the average rate of general property taxation for a county as calculated and published annually by the State Board of Equalization pursuant to Cal. Rev. & Tax. Code § 11403, or such successor rate as may be designated by law.

    (g) "Final Rate" shall mean the Benchmark Rate applicable to the County, or such other higher property tax rate computed as to the County under terms that the Court has held at the Termination of Action are lawful.

    (h) "Interest Rate" shall mean 3% per annum.

*Property Tax Rate*

2. The County agrees to levy property taxes on BNSF's unitary property under the provisions of state law, but to accept during the Litigation Period in satisfaction of those property

taxes an amount equal to BNSF's unitary property tax for the relevant period if it had been levied at the Benchmark Rate applicable to the County.

3. For property tax years beginning after the Termination of Action, the County shall levy property taxes on BNSF's unitary property at the Final Rate.

### *Claims for Refund*

4. For each tax year during the Litigation Period for which BNSF seeks a refund of property taxes from the County, BNSF shall, within 30 days of the Entry of Judgment, submit to the County property tax refund claims using the applicable Benchmark Rate. Such claims shall not be denied during the Litigation Period but shall be held in abeyance pending the Termination of Action. The property tax refund claims submitted shall be in substantially the form shown in Exhibits A through E attached hereto.

### *Refund or Payment After Termination of Action*

5. Upon the Termination of Action, the Parties shall liquidate any underpayments or overpayments made during the Litigation Period according to the following terms. Except as specified below, no penalties, fees, or interest shall be collected or refunded in connection with liquidating underpayments or overpayments made during the Litigation Period.

(a) ***Overpayment by BNSF***

(i) If BNSF's total payments to the County during the Litigation Period on account of BNSF's unitary property exceed BNSF's total tax liability to the County during the Litigation Period recomputed using the Final Rate, the County shall apply appropriate credits or make appropriate refunds.

(ii) The amount of such credits or refunds shall be the aggregate sum of all overpayments by BNSF during the Litigation Period on account of BNSF's unitary property, with each such overpayment measured as (I) the excess of BNSF's actual payment to the County, over BNSF's liability for such payment recomputed using the Final Rate, plus (II) simple interest at the Interest Rate on such excess (beginning on the later of the Entry of Judgment or the date of such payment, and ending on the date credit or refund is made).

     (iii) The County shall, at its election, either (I) refund the amount to BNSF in full by check, wire, or ACH transfer within 90 days of the Termination of Action, or (II) apply credits offsetting all amounts owed by BNSF to the County on account of BNSF's unitary property, starting with BNSF's first payment due after the Termination of Action and continuing for each and every subsequent payment until the full amount is credited.

    (b) ***Underpayment by BNSF***

     (i) If BNSF's total tax payments to the County during the Litigation Period on account of BNSF's unitary property are less than BNSF's total tax liability to the County during the Litigation Period recomputed using the Final Rate, BNSF shall make an additional payment to the County.

     (ii) The amount of such additional payment shall be the aggregate sum of all underpayments by BNSF during the Litigation Period on account of BNSF's unitary property, with each such underpayment measured as (I) the underage of BNSF's actual payment to the County below BNSF's liability for such payment recomputed using the Final Rate, plus (II) simple interest at the Interest Rate on such underage (beginning on the later of the Entry of Judgment or the date of the payment, and ending on the date additional payment is made to the County).

     (iii) BNSF shall make such additional payment by check, wire, or ACH transfer within 90 days of the Termination of Action.

     ***Release from Escrow Obligations***

  6. Upon Entry of Judgment, the following amendments to this Court's April 10, 2020, Order Establishing Escrow Account as Security For Preliminary Injunction shall automatically and immediately take effect with no further action required:

    (a) The amount of $19,350.29, plus any interest that has accrued thereon, shall be released from escrow to BNSF forthwith. This amount represents the portion of the currently escrowed funds attributable to unitary property taxes levied by the County.

    (b) BNSF is released from any continuing obligation to escrow amounts attributable to unitary property taxes levied by the County.

*Additional Terms*

7. The Parties shall bear their own costs and attorney's fees.

8. This Court shall retain continuing jurisdiction over the Parties in this Action for purposes of construing, modifying, and enforcing this Judgment, and issuing any judgment or order with respect to any other relief requested by the Parties in this Action.

9. This document shall constitute a judgment for purposes of Federal Rule of Civil Procedure 58.

10. The Court has determined, under Federal Rule of Civil Procedure 54(b), that there is no just reason for delay, and the Court directs this Judgment between BNSF and the County be final.

**IT IS SO ORDERED AND ADJUDGED.**

DATED:  9/29/2020

_____
HON. HAYWOOD S. GILLIAM, JR.

UNITED STATES DISTRICT JUDGE