MARGARET R. PRINZING, State Bar No. 209482
ROBIN B. JOHANSEN, State Bar No. 79084
OLSON REMCHO, LLP
1901 Harrison Street, Suite 1550
Oakland, CA 94612
Telephone: (510) 346-6200
Facsimile: (510) 574-7061
Email: mprinzing@olsonremcho.com
Email: rjohansen@olsonremcho.com

Attorneys for Defendants County of Alameda, County of Contra Costa, County of Fresno, County of Kern, County of Madera, County of Merced, County of Orange, County of Plumas, County of Riverside, County of San Bernardino, County of San Joaquin, County of Stanislaus, and County of Tulare

BENJAMIN J. HORWICH, State Bar No. 249090
GABRIEL M. BRONSHTEYN, State Bar No. 338011
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: ben.horwich@mto.com

Attorneys for Plaintiff BNSF Railway Company

LAURA E. BLOME, State Bar No. 302859
Senior Deputy County Counsel
Office of County Counsel, San Diego County
1600 Pacific Highway, Room 355
San Diego, CA 92101
Telephone: (619) 531-5801
Email: laura.blome@sdcounty.ca.gov

Attorneys for Defendant County of San Diego

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| BNSF RAILWAY COMPANY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ALAMEDA COUNTY, CALIFORNIA, et al.,<br><br>　　　　Defendants. | No.: Case No. 4:19-cv-07230-HSG<br><br>**STIPULATION FOR ENTRY OF JUDGMENT AND FINAL JUDGMENT AS TO ALAMEDA, CONTRA COSTA, FRESNO, KERN, MADERA, MERCED, ORANGE, PLUMAS, RIVERSIDE, SAN BERNARDINO, SAN DIEGO, SAN JOAQUIN, STANISLAUS, AND TULARE COUNTIES**<br><br>Judge: Hon. Haywood S. Gilliam, Jr. |

STIP. FOR ENTRY OF JUDG. & FINAL JUDGMENT – 4:19-cv-07230-HSG

# STIPULATION FOR ENTRY OF JUDGMENT

WHEREAS, on November 1, 2019, the BNSF Railway Company ("BNSF") filed this action against the Defendants Alameda, Contra Costa, Fresno, Kern, Kings, Madera, Merced, Orange, Plumas, Riverside, San Bernardino, San Diego, San Joaquin, Stanislaus, and Tulare Counties asserting a violation of Section 306 of the federal Railroad Revitalization and Regulatory Reform Act of 1976 (49 U.S.C. § 11501) ("section 11501") in connection with the rate of ad valorem property taxation levied on BNSF's unitary property by the Defendant Counties in their respective jurisdictions; and

WHEREAS, on April 8, 2020, after finding reasonable cause to believe that a violation of section 11501(b)(3) had been, or was about to be, committed, this Court granted BNSF's Motion for a Preliminary Injunction to enjoin the Defendant Counties "through the pendency of this litigation until entry of a final judgment from levying or collecting ad valorem property taxes from Plaintiff on its unitary property based on a tax rate higher than the annual average tax rate of general property taxation calculated and reported for each county by the California State Board of Equalization under Cal. Rev. & Tax Code § 11403." (*BNSF Railway Co. v. Alameda County*, 445 F. Supp. 3d 201, 211-12 (N.D. Cal. 2020)); and

WHEREAS, on September 29, 2020, the Court entered a Final Judgment with respect to Kings County pursuant to a Stipulation for Entry of Judgment between BNSF and Kings County; and

WHEREAS, on August 5, 2021, the United States Court of Appeals for the Ninth Circuit issued an opinion affirming this Court's Order granting BNSF's Motion for a Preliminary Injunction (*BNSF Railway Co. v. County of Alameda, et al.*, 7 F.4th 874 (9th Cir. 2021)); and

WHEREAS, in its decision, the Ninth Circuit acknowledged that section 11501(b)(3), which prohibits a county from levying or collecting "an ad valorem property tax on rail transportation property at a tax rate that exceeds the tax rate applicable to commercial and industrial property in the same assessment jurisdiction," is difficult to apply in California because the State does not have a specific tax rate for commercial and industrial property against which to compare the rate applied to railroad property (*BNSF Railway Co.*, 7 F.4th at 885); and

STIP. FOR ENTRY OF JUDG. & FINAL JUDGMENT – 4:19-cv-07230-HSG

1

WHEREAS, the Ninth Circuit had previously ruled in another case presenting a challenge under section 11501(b)(3) that, because a specific rate generally applicable to commercial and industrial property in California is not readily apparent, the court in that case should use either the tax rate applicable to the tax roll that contains the majority of commercial and industrial property (*i.e.*, either the secured or unsecured roll), or "the average tax rate for all property." *Trailer Train Co. v. State Board of Equalization*, 697 F.2d 860, 867 (9th Cir. 1983); and

WHEREAS, the Ninth Circuit affirmed this Court's decision to analyze BNSF's tax rate under the *Trailer Train* framework, pursuant to which this Court determined that as an alternative to the tax rate for commercial and industrial property, it is appropriate to use as the basis for comparison the average tax rate for property in each County because there is no single identifiable tax rate applicable to the secured or unsecured rolls (*BNSF Railway Co.*, 7 F.4th at 886, 888; *BNSF Railway Co.*, 445 F. Supp. 3d at 208, 212); and

WHEREAS, the Ninth Circuit stated, as had this Court, that the average tax rate for all property in each County is calculated each year by the State Board of Equalization pursuant to California Revenue and Taxation Code section 11403 (*BNSF Railway Co.*, 7 F.4th at 883); and

WHEREAS, pursuant to these rulings, the Counties have been preliminarily enjoined from levying or collecting an ad valorem property tax on BNSF's unitary property at the rate otherwise required for state-assessed property under California Revenue and Taxation Code section 100(b) if that tax rate exceeds the annual average tax rate imposed on all property in each County as calculated and reported by the State Board of Equalization pursuant to California Revenue and Taxation Code section 11403 (*BNSF Railway Co.*, 7 F.4th at 882-83); and

WHEREAS, in order to meet the requirements of federal law but avoid the associated costs and other burdens of further litigation in this matter, BNSF and the remaining Defendants Alameda, Contra Costa, Fresno, Kern, Madera, Merced, Orange, Plumas, Riverside, San Bernardino, San Diego, San Joaquin, Stanislaus, and Tulare Counties have agreed to enter into a Stipulation for Entry of Judgment under the terms set forth in the attached [Proposed] Judgment; and

WHEREAS, the Counties have faced certain administrative challenges in implementing the Preliminary Injunction that they have worked cooperatively with BNSF to address, and which the Counties expect to continue to face in implementing the [Proposed] Judgment;

NOW THEREFORE, BNSF and Defendants Alameda, Contra Costa, Fresno, Kern, Madera, Merced, Orange, Plumas, Riverside, San Bernardino, San Diego, San Joaquin, Stanislaus, and Tulare Counties (collectively, "the Parties") stipulate as follows:

1. The Court has jurisdiction to enter judgment in this action.

2. The Parties consent to the Court having continuing jurisdiction for purposes of enforcing the Judgment, and the Parties irrevocably and fully waive and relinquish any argument that venue or jurisdiction by this Court is improper or inconvenient.

3. In making this stipulation, no Party admits to any conclusions of law or concedes any arguments or defenses, except as expressly stated herein.

4. The Parties request that the Court enter the [Proposed] Judgment attached hereto.

5. The Parties waive notice of entry of the Judgment and notice and service of the entered Judgment.

6. The Parties waive their right to appeal the Judgment.

7. The Parties acknowledge and agree that changes in facts or law could render obsolete in whole or in part the basis for the [Proposed] Judgment, and that such changes could justify vacating or modifying the [Proposed] Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  Such a change could include, but is not limited to, the State of California enacting into law a material change to section 100(b) of the California Revenue and Taxation Code; a material change to the requirement that railroad property be assigned to a county-wide tax rate area; or a material change to the requirements for calculating and/or levying the ad valorem property tax rate on locally assessed property.

8. The parties agree that, except as necessary to implement the [Proposed] Judgment, the [Proposed] Judgment does not affect the application of the procedures of California law

regarding the ad valorem property taxation of BNSF's unitary property, including but not limited to Part 9 (commencing with Section 4801) of Division 1 of the California Revenue and Taxation Code, relating to corrections, cancellations, and refunds of property taxes.

9. BNSF has separately entered into a Memorandum of Understanding with some of the Counties to address the administrative challenges the Counties expect to face in implementing the [Proposed] Judgment.

IT IS SO STIPULATED.

Respectfully submitted,

Dated: April 19, 2022

APPROVED AS TO FORM:

OLSON REMCHO, LLP

By: /S/ Margaret R. Prinzing
MARGARET R. PRINZING
(State Bar No. 209482)
1901 Harrison Street, Suite 1550
Oakland, CA 94612
Telephone: (510) 346-6200
Email: mprinzing@olsonremcho.com

Attorneys for Defendants County of Alameda, County of Contra Costa, County of Fresno, County of Kern, County of Madera, County of Merced, County of Orange, County of Plumas, County of Riverside, County of San Bernardino, County of San Joaquin, County of Stanislaus, and County of Tulare

| | | |
|---|---|---|
| 1 | Dated: April 19, 2022 | APPROVED AS TO FORM: |
| 2 | | OFFICE OF THE COUNTY COUNSEL |
| 3 | | |
| 4 | | By: /S/ Laure E. Blome |
| | | LAURA E. BLOME, Senior Deputy County Counsel |
| 5 | | (State Bar No. 302859) |
| | | 1600 Pacific Highway, Suite 355 |
| 6 | | San Diego, CA  92101 |
| | | Telephone:  (619) 531-5801 |
| 7 | | Email:  laura.blome@sdcounty.ca.gov |
| 8 | | Attorney for Defendant County of San Diego |
| 10 | Dated: April 19, 2022 | APPROVED AS TO FORM: |
| 11 | | MUNGER, TOLLES & OLSON LLP |
| 13 | | By: /S/ Benjamin J. Horwich |
| | | BENJAMIN J. HORWICH |
| | | (State Bar No. 249090) |
| 14 | | 560 Mission Street, Twenty-Seventh Floor |
| | | San Francisco, CA  94105 |
| 15 | | Telephone:  (415) 512-4000 |
| | | Email:  ben.horwich@mto.com |
| 16 | | Attorneys for Plaintiff BNSF Railway Company |
| 19 | Dated: April 19, 2022 | FOR THE COUNTY OF ALAMEDA: |
| 20 | | By: /S/ Farand C. Kan |
| | | DONNA ZIEGLER, County Counsel |
| 21 | | FARAND C. KAN, Deputy County Counsel |
| | | (State Bar No. 203980) |
| 22 | | 1221 Oak Street, Suite 450 |
| | | Oakland, CA  94612 |
| 23 | | Telephone:  (510) 272-6700 |
| | | Email:  farand.kan@acgov.org |

STIP. FOR ENTRY OF JUDG. & FINAL JUDGMENT – 4:19-cv-07230-HSG

5

| | | |
|---|---|---|
| 1 | Dated: April 19, 2022 | FOR THE COUNTY OF CONTRA COSTA: |
| 2 | | |
| 3 | | By:  /S/ Rebecca Hooley |
| | | MARY ANN MCNETT, County Counsel |
| | | REBECCA HOOLEY, Assistant County Counsel |
| 4 | | (State Bar No. 212881) |
| | | 1025 Escobar Street, Third Floor |
| 5 | | Martinez, CA  94553 |
| | | Telephone: (925) 655-2254 |
| 6 | | Email: rebecca.hooley@cc.cccounty.us |
| 7 | | |
| 8 | Dated: April 19, 2022 | FOR THE COUNTY OF FRESNO: |
| 9 | | |
| 10 | | By:  /S/ Daniel C. Cederborg |
| | | DANIEL C. CEDERBORG, County Counsel |
| | | (State Bar No. 124260) |
| 11 | | 2220 Tulare Street, Suite 500 |
| | | Fresno, CA  93721 |
| 12 | | Telephone: (559) 600-3479 |
| | | Email: dcederborg@fresnocountyca.gov |
| 13 | | |
| 14 | | |
| 15 | Dated: April 19, 2022 | FOR THE COUNTY OF KERN: |
| 16 | | By:   /S/ Jeremy S. McNutt |
| | | MARGO A. RAISON, County Counsel |
| 17 | | JEREMY S. MCNUTT, Deputy County Counsel |
| | | (State Bar No. 320723) |
| 18 | | 1115 Truxtun Avenue, 4th Floor |
| | | Bakersfield, CA  93301 |
| 19 | | Telephone: (661) 868-3879 |
| | | Email: jsmcnutt@kerncounty.com |
| 20 | | |
| 21 | | |
| 22 | Dated: April 19, 2022 | FOR THE COUNTY OF MADERA: |
| 23 | | By:  /S/ Tom Wheeler |
| | | TOM WHEELER, Chairman of the Board |
| 24 | | 200 West 4th Street |
| | | Madera, CA  93637 |
| 25 | | Phone: (559) 662-6050 |
| | | Email: tom.wheeler@maderacounty.com |
| 26 | | |
| 27 | | |
| 28 | STIP. FOR ENTRY OF JUDG. & FINAL JUDGMENT – 4:19-cv-07230-HSG | 6 |

| | | |
|---|---|---|
| 1 | Dated: April 19, 2022 | FOR THE COUNTY OF MERCED: |
| 2 | | |
| 3 | | By: /S/ Jared Christensen |
| | | FORREST W. HANSEN, County Counsel |
| | | JARED CHRISTENSEN, Deputy County Counsel |
| 4 | | (State Bar No. 300603) |
| | | 2222 M Street, Room 309 |
| 5 | | Merced, CA 95340 |
| | | Telephone: (209) 385-7564 |
| 6 | | Email: jared.christensen@countyofmerced.com |
| 7 | | |
| 8 | Dated: April 19, 2022 | FOR THE COUNTY OF ORANGE: |
| 9 | | |
| 10 | | By: /S/ Leon Page |
| | | LEON PAGE, County Counsel |
| | | (State Bar No. 208587) |
| 11 | | P.O. Box 1379 |
| | | Santa Ana, CA 92702 |
| 12 | | Telephone: (714) 834-3303 |
| | | Email: leon.page@coco.ocgov.com |
| 13 | | |
| 14 | | |
| 15 | Dated: April 19, 2022 | FOR THE COUNTY OF PLUMAS: |
| 16 | | By: /S/ Kevin Goss |
| | | KEVIN GOSS, Chairman of the Board |
| 17 | | 520 Main Street, Room 309 |
| | | Quincy, CA 95971 |
| 18 | | Telephone: (530) 283-6170 |
| | | Email: kevingoss@countyofplumas.com |
| 19 | | |
| 20 | Dated: April 19, 2022 | FOR THE COUNTY OF RIVERSIDE: |
| 21 | | |
| 22 | | By: /S/ Ronak N. Patel |
| | | RONAK N. PATEL, Acting County Counsel |
| 23 | | (State Bar No. 249982) |
| | | 3960 Orange Street, Suite 500 |
| 24 | | Riverside, CA 92501 |
| | | Telephone: (951) 955-3600 |
| 25 | | Email: rpatel@rivco.org |
| 26 | | |
| 27 | | |
| 28 | STIP. FOR ENTRY OF JUDG. & FINAL JUDGMENT – 4:19-cv-07230-HSG | 7 |

| | | |
|---|---|---|
| Dated: April 19, 2022 | | FOR THE COUNTY OF SAN BERNARDINO: |

By: /S/ Thomas D. Bunton
THOMAS D. BUNTON, County Counsel
(State Bar No. 193560)
385 North Arrowhead Avenue, Floor 4
San Bernardino, CA 92415
Telephone: (909) 387-5455
Email: tom.bunton@cc.sbcounty.gov

Dated: April 19, 2022                FOR THE COUNTY OF SAN DIEGO:

By: /S/ Laura E. Blome
LAURA E. BLOME, Senior Deputy
County Counsel
(State Bar No. 302859)
1600 Pacific Highway, Suite 355
San Diego, CA 92101
Telephone: (619) 531-5801
Email: laura.blome@sdcounty.ca.gov

Dated: April 19, 2022                FOR THE COUNTY OF SAN JOAQUIN:

By: /S/ Kristen M. Hegge
J. MARK MYLES, County Counsel
KRISTEN M. HEGGE, Chief Deputy County
Counsel
(State Bar No. 125210)
44 North San Joaquin Street, Suite 679
Stockton, CA 95202
Telephone: (209) 468-2980
Email: khegge@sjgov.org

Dated: April 19, 2022      FOR THE COUNTY OF STANISLAUS:

By:  /S/ Todd E. James
THOMAS BOZE, County Counsel
TODD E. JAMES, Deputy County Counsel
  (State Bar No. 279339)
1010 10th Street, Suite 6400
Modesto, CA 95354
Telephone: (209) 525-6376
Email: jamest@stancounty.com

Dated: April 19, 2022      FOR THE COUNTY OF TULARE:

By:  /S/ Eddie Valero
EDDIE VALERO, Chairman of the Board
2800 West Burrel Avenue
Visalia, CA 93291
Telephone: (559) 636-5000
Email: evalero@tularecounty.ca.gov

Dated: April 19, 2022      FOR BNSF RAILWAY COMPANY:

By:  /S/ Mark Liniado
MARK LINIADO
Vice President of Taxes and General Tax Counsel
2301 Lou Menk Drive, GOB 3W
Fort Worth, TX 76131
Telephone: (817) 352-3400
Email: mark.liniado@bnsf.com

## FILER'S ATTESTATION

Pursuant to Local Rule 5-1(i), the filer attests that concurrence in the filing of this document has been obtained from each of the above signatories.

Dated: April 19, 2022      By:  /S/ Margaret R. Prinzing

STIP. FOR ENTRY OF JUDG. & FINAL JUDGMENT – 4:19-cv-07230-HSG      9

**FINAL JUDGMENT AS TO DEFENDANTS ALAMEDA, CONTRA COSTA, FRESNO, KERN, MADERA, MERCED, ORANGE, PLUMAS, RIVERSIDE, SAN BERNARDINO, SAN DIEGO, SAN JOAQUIN, STANISLAUS, AND TULARE COUNTIES**

Pursuant to the Stipulation for Entry of Judgment filed concurrently herewith, and for good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

**Definitions**

For purposes of this Judgment, the following definitions apply:

(a) "BNSF" means the Plaintiff, BNSF Railway Company.

(b) "Benchmark Rate" means, with respect to a county and a tax year, the average tax rate of general property taxation calculated and reported for the county for the preceding tax year by the State Board of Equalization pursuant to California Revenue and Taxation Code section 11403.

(c) "County" or "Counties" means any or all of the Defendant Counties of Alameda, Contra Costa, Fresno, Kern, Madera, Merced, Orange, Plumas, Riverside, San Bernardino, San Diego, San Joaquin, Stanislaus, and Tulare.

(d) "Preliminary Injunction Order" means this Court's Order Granting Plaintiff's Motion for Preliminary Injunction, issued on April 8, 2020, amended on April 22, 2020, pursuant to a stipulated request of the parties, and as affirmed by the decision of the United States Court of Appeals for the Ninth Circuit on August 5, 2021.

(e) "Unitary property" means the property of a railway company that is valued for purposes of property tax assessment using the unit valuation method, within the meaning of California Revenue and Taxation Code sections 723 and 723.1.

**Maximum Property Tax Rate**

1. It is the final judgment of the Court that, for the reasons set forth in the Preliminary Injunction Order, the Counties' levy or collection of ad valorem property taxes on BNSF's unitary property in a tax year at the rate specified in California Revenue and Taxation Code section 100(b) is unlawful under 49 U.S.C. section 11501(b)(3), if and to the extent that tax rate is higher than the Benchmark Rate for that tax year.

STIP. FOR ENTRY OF JUDG. & FINAL JUDGMENT – 4:19-cv-07230-HSG        10

2. The Counties, their boards of supervisors, county auditors, tax collectors, agents, employees, and all those acting in concert or participating with them, are hereby enjoined from levying or collecting ad valorem property taxes on BNSF's unitary property in a tax year at a rate higher than the Benchmark Rate for that tax year.  In any year in which the tax rate specified in state law is higher than the Benchmark Rate for that tax year, a County may take steps that are necessary and appropriate to comply with state law to the extent such steps are not inconsistent with section 11501(b)(3), provided that the County accepts in satisfaction of BNSF's unitary property tax obligations under state law an amount no greater than the amount computed under the Benchmark Rate applicable to that County.

3. Nothing in this [Proposed] Judgment shall be construed to prohibit a County from levying or collecting an ad valorem property tax on BNSF's unitary property in a tax year at the rate specified in state law if and to the extent that such tax rate is lower than the Benchmark Rate for that tax year.

4. The Counties' obligations under this Judgment shall become effective on the date of entry of this Judgment.

**Release from Escrow Obligations**

5. Upon Entry of Judgment, the full balance of the escrow account established by this Court's April 10, 2020, Order Establishing Escrow Account as Security For Preliminary Injunction, including any interest that has accrued thereon, shall be released from escrow to BNSF.

6. BNSF is released from any continuing obligation to deposit escrow amounts attributable to unitary property taxes levied by the Counties.

7. Other than the release of funds from the escrow account, the Counties have no further liability, for refunds or otherwise, for the 2019-2020 tax year, the 2020-2021 tax year, and the 2021-2022 tax year.

**Additional Terms**

8. The Parties shall bear their own costs and attorney's fees.

9. The Court shall retain continuing jurisdiction over the Parties in this matter for purposes of construing, modifying, and enforcing this Judgment and issuing any other judgment or order with respect to any other relief requested by the Parties. This Court's jurisdiction shall include the power to vacate or modify this Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure based on any material change in facts or law justifying relief from this Judgment, including a material change to section 11501(b)(3) or the requirements of California law for calculating and/or levying the ad valorem property tax rate on railroad property which meets the requirements for levying and collecting ad valorem property taxes on BNSF's unitary property under section 11501(b)(3). Such a material change in California law could include, but is not limited to, the State of California enacting into law a material change to section 100(b) of the California Revenue and Taxation Code; a material change to the requirement that railroad property be assigned to a county-wide tax rate area; or a material change to the requirements for calculating and/or levying the ad valorem property tax rate on locally-assessed property. Such a material change could result in a court-ordered modification to this Judgment requiring a comparison rate other than the Benchmark Rate.

10. This document constitutes a judgment for purposes of Federal Rule of Civil Procedure 58.

11. This Judgment is a full and final resolution of all claims alleged in the Complaint.

IT IS SO ORDERED AND ADJUDGED.

DATED: 4/21/2022

HON. HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT JUDGE

(00456688-10)